IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-376-BO-RJ

JORDAN DUBLIN,  )
                )
        Plaintiff,  )
                )
v.              )       O R D E R
                )
TRUIST BANK,    )
                )
        Defendant.  )

This cause comes before the Court on defendant's motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and plaintiff's motion to strike exhibits, motion to amend statement of claim, motion for extension of time to amend and cure deficiencies, and motion to change venue. The appropriate responses and replies have been filed, or the time for doing so has expired, and the motions are each ripe for disposition.

BACKGROUND

Plaintiff, who proceeds *pro se*, instituted this action by filing a complaint against defendant in Wake County District Court. [DE 1-1]. Defendant removed the action to this Court on the basis of its federal question jurisdiction. [DE 1]. Thereafter, defendant moved to dismiss plaintiff's complaint for failure to state a claim. [DE 5]. Plaintiff moved to strike certain exhibits attached to defendant's motion to dismiss [DE 9] and moved for leave to file an amended statement of claim pursuant to Fed. R. Civ. P. 15. [DE 10]. Plaintiff later filed a motion for extension of time to amend claim and cure deficiencies, [DE 14], a motion to change venue to Cabarrus County Superior Court [DE 17], and an amended complaint. [DE 19]. Defendant has moved to dismiss the amended

complaint for failure to state a claim. [DE 20]. Plaintiff was notified of his right to respond, [DE 24], and has responded in opposition to the motion to dismiss. [DE 25].

Plaintiff filed his original complaint for violation of the Fair Credit Reporting Act, seeking $10,000 in damages and a declaratory judgment of noncompliance with the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, *et seq*. Plaintiff alleges that defendant failed to reasonably investigate disputes and continued to furnish inaccurate or unverifiable information to consumer reporting agencies in violation of the FCRA. Plaintiff alleges that on March 5, 2024, plaintiff served an Affidavit of Truth and cease and desist notice on defendant and Early Warning Services in which he asserted that his identity had been stolen, his privacy had been violated, and that he had not consented to data reporting. Plaintiff alleges that despite his unrebutted affidavit, the disputed information remained on plaintiff's consumer report. Plaintiff further alleges that on March 21, 2024, he submitted a formal complaint to the Consumer Financial Protection Bureau, identifying violations of 15 U.S.C. §§ 1681b, 1681e(b), and 1681s-2(b), and that defendant failed to conduct a meaningful investigation or correction within the thirty-day period provided by law. Plaintiff alleges that though defendant eventually issued a response, it was outside the statutory time-period, and that the delay resulted in inaccurate data reporting on plaintiff's credit file. Plaintiff alleges that he has experienced significant hardship due to defendant's actions, including denials of credit, blocked housing applications, and reputational harm. *See, generally,* [DE 1-1].

Plaintiff's amended complaint, [DE 19], adds factual allegations to his original complaint. Plaintiff alleges that at the center of this dispute is a bank account opened with or furnished by defendant using plaintiff's name and an address at which plaintiff no longer resides, which plaintiff contends was fraudulently opened. Plaintiff filed a formal identity theft claim with defendant on February 14, 2024, and the claim was confirmed by Early Warning Services. On March 5, 2024,

plaintiff sent his Affidavit of Truth and Formal Dispute to defendant and Early Warning Services (EWS). EWS confirmed receipt of plaintiff's dispute and confirmed that the information had furnished by defendant. EWS further acknowledged that a reinvestigation request was initiated and that defendant was obligated to respond. Plaintiff alleges that he did not receive any reinvestigation response from either defendant or EWS.

Plaintiff alleges that defendant responded to his CFPB complaint by denying plaintiff's identity theft claim, stating that the account was valid, and failing to rebut any of the facts asserted in plaintiff's Affidavit of Truth. Plaintiff alleges that defendant violated the following provisions of the FCRA: 15 U.S.C. § 1681s-2(b); 15 U.S.C. § 1681i, and 15 U.S.C. § 1681b(f). *See, generally,* [DE 19].

## DISCUSSION

At the outset, and in the interest of efficiency, *see also* [DE 11]; [DE 11-1], the Court will consider plaintiff's amended complaint. [DE 19]. Accordingly, defendant's motion to dismiss the original complaint [DE 5] is denied without prejudice as moot. Plaintiff's motion to amend statement of claim [DE 10] is granted and plaintiff's motion for extension of time to amend claim and cure deficiencies [DE 14] is also granted.

Because defendant relies on exhibits attached to its motion to dismiss the original complaint in its motion to dismiss the amended complaint, the Court will consider plaintiff's motion to strike. *See* [DE 21] at 2.[1] Plaintiff moves to strike Exhibits A through E filed by defendant in support of its motion to dismiss, arguing that these documents were never served on plaintiff, were sent to addresses not associated with plaintiff, and rely on factual inaccuracies.

---

[1] Page citations are to the page number generated by CM/ECF.

3

Federal Rule of Civil Procedure 12(f) allows the court, *sua sponte* or on a motion by the parties, to "strike from a pleading an insufficient defense or any redundant, immaterial, or scandalous matter." A motion to strike is not an avenue through which parties are permitted to dispute, or the court is permitted to resolve, questions of fact. *Bell v. Koss*, 2020 WL 4570439, at *5 (S.D.N.Y. 2020). "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (citation omitted).

Exhibits A and E filed by defendant were attached to plaintiff's original complaint. They will not be stricken. Exhibits B, C, and D, each relate to defendant's response to plaintiff's CFPB complaint. Plaintiff expressly alleges that defendant failed to respond to his CFPB complaint until February 2025, and the exhibits attached by defendant are thus central to plaintiff's factual allegations. Documents explicitly incorporated into the complaint by reference as well as documents submitted by the moving party which are integral to the complaint and about which there is no dispute regarding authenticity may be considered when deciding a Rule 12(b)(6) motion without converting the motion to one for summary judgment. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). The Court will not strike defendant's Exhibits B, C, or D. Plaintiff's motion to strike [DE 9] is denied.

The Court next considers plaintiff's motion to change venue, in which plaintiff seeks to transfer this action to Cabarrus County Superior Court for his convenience. 28 U.S.C. § 1404 governs transfers of civil actions pending in the United States District Courts, and by its terms it does not authorize transfer to a state court. *See Pan Am Flight 73 Liaison Grp. v. Dave*, 711 F. Supp. 2d 13, 20 n.3 (D.D.C. 2010). Moreover, to the extent plaintiff's motion is more properly

4

construed as a motion to remand, his motion must be denied. There is no dispute that the Court has subject matter jurisdiction over plaintiff's complaint, and plaintiff's motion was filed more than thirty days from removal of this action, and is thus untimely. *See* 28 U.S.C. § 1447(c). Finally, plaintiff's reliance on state law regarding transfer of civil actions is inapposite. Accordingly, plaintiff's motion to change venue [DE 17] is denied.

Although not docketed as a motion, plaintiff has filed a document captioned "Notice of Related Cases and Objection to Dual Representation, Forum Manipulation, and Coordinated Litigation Conduct." [DE 18]. Plaintiff cites to a parallel proceeding in Wake County Superior Court which he filed against Wells Fargo Bank, N.A. Counsel for defendant is also counsel for Wells Fargo Bank in the Wake County proceeding. Plaintiff asks this Court to take judicial notice of the related action and its overlapping factual and legal issues, sustain plaintiff's objection to coordinated litigation conduct and dual representation by counsel for defendant, and consolidate these matters or issue a protective order and stay of proceedings. Plaintiff's notice and request for relief are without merit. Plaintiff has provided no grounds which would support disqualification of counsel, *see Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 514, 517 (M.D.N.C. 1996) (noting high standard of proof for party seeking disqualification), the state proceeding cannot be consolidated with an action pending in United States District Court because this Court lacks subject matter jurisdiction over the state court action, *see Capps v. Newmark S. Region, LLC*, 53 F.4th 299, 302 (4th Cir. 2022), and there are no grounds presented which would support a stay. *See* 28 U.S.C. § 2283. Plaintiff's notice and objection [DE 18] is overruled and denied.

The Court next considers defendant's motion to dismiss plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under

5

Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to "'discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006) (en banc)).

As discussed above, plaintiff's complaint arises under the FCRA. "Congress enacted [the] FCRA in 1970 out of concerns about abuses in the consumer reporting industry." *Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 414 (4th Cir. 2001). The FCRA imposes duties on both credit reporting agencies and furnishers of information to the credit reporting agencies. *Saunders v. Branch Banking And Tr. Co. Of VA*, 526 F.3d 142, 148 (4th Cir. 2008). "The FCRA provides a private right of action for consumers against entities or persons that violate the statute. If a violation of the FCRA occurs through negligence, 'the affected consumer is entitled to actual damages.' For willful violations of the FCRA, the consumer may recover actual, statutory, and punitive damages.

6

*Id.*" *Wood v. Credit One Bank*, 277 F. Supp. 3d 821, 843 (E.D. Va. 2017) (internal citations omitted, citing *Safeco Ins. Co. of Am. V. Burr*, 551 U.S. 47, 52-58 (2007))

Plaintiff's first claim arises under 15 U.S.C. § 1681s-2(b), which imposes a duty on furnishers of information when a consumer disputes the accuracy of information reported by the furnisher. If a consumer reporting agency notifies a furnisher of a dispute by the consumer, the furnisher must, *inter alia*, conduct an investigation and report the results to the consumer reporting agency. § 1681s-2(b)(1); *see also Saunders*, 526 F.3d at 148. The essential elements of a § 1681s-2(b) claim are "(1) the plaintiff submitted a dispute over the accuracy of information on a credit report to a [consumer reporting agency]; (2) the [agency] notified the furnisher of that dispute; [and] (3) the furnisher failed to conduct a reasonable investigation to determine whether the disputed information can be verified." *Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 249 (4th Cir. 2025) (quotation and citation omitted, alterations in original).

Plaintiff alleges that, despite having notice of plaintiff's dispute of information that defendant furnished through both ESW's notice to defendant and plaintiff's Affidavit of Truth, defendant failed to conduct a reasonable investigation in violation of § 1681s-2(b)(1). In support, plaintiff alleges that defendant failed to include documentation or results in its April 2024 response to plaintiff's CFPB complaint. Plaintiff's Exhibit 2 to his amended complaint is plaintiff's Affidavit of Truth, which he alleges notified defendant and EWS of his dispute. *See* [DE 19-2]. In his Affidavit of Truth, plaintiff states that he "is not saying this account was opened without my permission" [DE 19-2] at 14. Plaintiff further states that he "never gave (Early Warning Services) written consent to report anything on [his] consumer report" and "No consent is Identity Theft." *Id.* at 8.

7

Case 5:25-cv-00376-BO-RJ    Document 27    Filed 01/16/26    Page 7 of 9

Critically then, in the exhibit plaintiff has attached in support of his amended complaint, the Affidavit of Truth, plaintiff has contradicted his allegation that the information furnished by defendant to EWS was inaccurate or incomplete because his account with defendant was a product of identity theft. *See* [DE 19] at 6, ¶ 4 n.11. Rather, he appears to dispute defendant's right to report his account to EWS, or possibly EWS's right to report his consumer information, which does not trigger a duty to investigate under § 1681s-2(b). Plaintiff's allegations in his amended complaint that he disputed the accuracy or completeness of the information furnished by defendant cannot overcome his own evidence, which shows that defendant's duty to investigate was not triggered by plaintiff's Affidavit of Truth.[2] The Court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (quotation and citation omitted). In sum, plaintiff has failed to allege a plausible claim that defendant failed to conduct a reasonable investigation of the disputed authenticity of plaintiff's accounts reported by defendant, because plaintiff's evidence expressly states that he is not contending that the accounts were opened without his permission.

Plaintiff also fails to state a plausible claim for relief under § 1681i or § 1681(f). Plaintiff has alleged that defendant is a furnisher of information, *see* [DE 19] at 1, but § 1681i imposes duties on consumer reporting agencies and § 1681(f) imposes duties on users of consumer reports. Thus, plaintiff cannot state a claim against defendant under either section. *See Rich v. Stern & Assocs., P.A.*, No. 3:15CV451, 2016 WL 4480695, at *1 (W.D.N.C. Aug. 24, 2016). Accordingly, and for those additional reasons argued by defendant in its memorandum in support and reply, defendant's motion to dismiss the amended complaint [DE 20] is granted.

---

[2] While furnishers of information do have a duty to not knowingly furnish inaccurate information to a consumer reporting agency under § 1681s-2(a), this provision does not include a private right action. *Lovegrove v. Ocwen Home Loans Servicing, L.L.C.*, 666 F. App'x 308, 313 (4th Cir. 2016).

8

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss the original complaint [DE 5] is DENIED without prejudice AS MOOT, plaintiff's motion to amend statement of claim [DE 10] is GRANTED, and plaintiff's motion for extension of time to amend claim and cure deficiencies [DE 14] is also GRANTED to the extent that plaintiff's amended complaint is allowed. Plaintiff's motion to strike [DE 9] is DENIED. Plaintiff's motion to change venue [DE 17] is DENIED. Plaintiff's notice and objection [DE 18] is OVERRULED and DENIED. Defendant's motion to dismiss the amended complaint [DE 20] is GRANTED. Plaintiff's amended complaint is DISMISSED with prejudice and the clerk is DIRECTED to close the case.

SO ORDERED, this 15 day of January 2026.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE